IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THERESA PATTERSON,

        Plaintiff,

vs.                                      CIVIL NO.   99-859 LFG/LCS

WAL-MART STORES, INC.,

        Defendant.

# MEMORANDUM OPINION AND ORDER
## DISMISSING CASE WITH PREJUDICE

THIS MATTER is before the Court *sua sponte*. On September 20, 2000, the Court issued an Order to Show Cause directing Plaintiff, Theresa Patterson ("Patterson"), to show cause, if any she had, why Fed. R. Civ. P. 16 and 37 sanctions, including dismissal of her case, should not be entered as a result of her failure to comply with discovery obligations [Doc. 37]. The Court's order directed a written response and supporting affidavit to be filed no later than October 5, 2000. Patterson did not respond to the Court's order.

Additionally, as a result of Patterson's failure to comply with discovery obligations and other case management deadlines, on September 21, 2000, Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), filed a separate Motion to Dismiss or, Alternatively, Motion for Sanctions, To Compel Discovery, and to Reset Case Management Deadlines [Doc. 38]. A response to this motion was due by October 10, 2000, and Patterson failed to respond. The failure to respond to a motion constitutes consent to the grant of the motion. D.N.M.LR-Civ. 7.5(b). Notwithstanding Patterson's consent to the grant of the motion, the Court will nonetheless determine whether dismissal is an appropriate standard under Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992).

The Court recognizes that dismissal of a party's lawsuit represents an extreme sanction and is appropriate only in the case of willful misconduct. Id. at 920; Meade v. Grubbs, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988). If a lesser sanction will deter the errant party from further misconduct, then a sanction other than dismissal should be utilized. A dismissal with prejudice defeats a litigant's right of access to the courts. Therefore, it is used sparingly as a last resort rather than first. Id.

In Ehrenhaus, the circuit court directed lower courts to consider a number of factors prior to choosing dismissal as a just sanction. Those factors include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and, (5) the efficacy of lesser sanctions. Id. at 921. It is with these factors in mind that the Court determines the appropriateness of the sanction.

First, the Court considers the degree of actual prejudice to the defendant. Here, it is undisputed that Patterson failed to respond to written discovery, to make mandatory Fed. R. Civ. P. 26 disclosures, to execute a medical release, to appear for her deposition, or respond to motions. The discovery deadline has since elapsed. Wal-Mart is left to guess as to the evidence that Patterson has, if any, to support her contentions. Wal-Mart is unable to effectively prepare to meet the proofs at trial because it has no way of determining the number and identity of individuals having knowledge of contested issues of fact, and what witnesses, including experts, are intended to be called by Patterson. While Wal-Mart is certainly aware of the allegations based on the complaint, it is left to speculate as to many aspects of Patterson's claims. The prejudice suffered includes increased expense and delay. Because no preliminary disclosures have been made, Wal-Mart would be forced to spend more time and money in discovery, and the delay caused by Patterson's non-compliance necessarily

means that the ultimate disposition of this lawsuit will be delayed. In the interim, a cloud of litigation hangs over Wal-Mart's head. The Court determines that Wal-Mart is indeed prejudiced by Patterson's failures to comply with her obligations.

The Court next considers the amount of interference with the judicial process. Case management deadlines are imposed by the Court as a means of complying with a Congressional mandate under the Civil Justice Reform Act of 1990, 28 U.S.C. § 471 *et seq* ("CJRA"). This Act is intended, in part, to minimize delay and to advance the ultimate disposition of litigation. The establishment of case management deadlines expedites the disposition of cases and lessens the financial burdens implicit in litigation. The CJRA's legislative history states in relevant part:

> The purpose of this legislation is to promote for all citizens--rich or poor, individual or corporation, plaintiff or defendant--a just, speedy, and inexpensive resolution of civil disputes in our Nation's Federal courts.

S. Rep. No. 101-416, at 1 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6802, 6804.

In this case, the Court issued a scheduling order requiring the parties to exchange information, formulate a provisional discovery plan and an Initial Pretrial Report ("IPTR"). A Rule 16 scheduling conference was set for February 17, 2000 [Doc. 12]. Patterson failed to cooperate in preparing any of those documents and failed appear for the Rule 16 scheduling conference. The Court set a show cause hearing on its order for March 17, 2000 [Order to Show Cause, February 17, 2000].

Patterson appeared at the March 17, 2000 hearing and, based on her contention that she had failed to appear at the prior conference due to health problems, the Court declined to impose sanctions, but admonished Patterson that she would have to appear for all further hearings, would have to comply with all rules of civil procedure and local rules, and had to cooperate with Wal-Mart's

3

counsel to prepare an IPTR. The Court directed Patterson to make her mandatory Rule 26 disclosures within ten days and advised her that failure to abide by the rules could result in the Court dismissing her case without ever reaching the merits.

Notwithstanding the Court's directives, Patterson failed to comply with any of the Court's directives, and as of this date, still has not provided discovery. If this case were to proceed, fairness would compel the Court to reopen discovery, extend the time for disclosure of experts and filing motions, and would also interfere with the current trial date scheduled for December 4, 2000.

Patterson's failure to comply with her obligations significantly interfered with the Court's case management plan, and thwarts the Court's ability to effectively manage this case and bring it to final disposition within a specified target date as required by the district's Civil Justice Expense and Delay Reduction Plan. Patterson's failures have already delayed the processing of this case and certainly interfere with the Court's ability to bring this case to a conclusion in an expeditious fashion. Thus, the Court finds that Patterson's acts and omissions significantly interfere with the judicial process.

The Court next considers the culpability of the litigant. If a failure to comply with discovery obligations or court directives is the fault of a litigant's attorney, then the attorney is the proper party to suffer the sanction. In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984); M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872 (10th Cir. 1987). Here, Patterson represents herself. Thus, all failures to comply with discovery obligations, rules of civil procedure, scheduling orders and Court directives are hers, and the blame falls squarely on her shoulders.

The Court next considers whether it gave a prior warning that the lawsuit may be dismissed. See, e.g., Willner v. Univ. of Kansas, 848 F.2d 1020 (10th Cir. 1988). Unless a prior warning has been given a litigant, the litigant may be surprised with the severe sanction of dismissal. Here, upon

4

Patterson's failure to appear at the Court's prior scheduling conference, the Honorable Leslie C. Smith, magistrate judge assigned to the case, specifically warned Patterson that her failure to provide discovery, cooperate in preparing the IPTR, and comply with rules of civil procedure could result in the dismissal of her case without the Court ever reaching the merits.

Thus, Patterson was previously warned that sanctions could include dismissal and cannot claim surprise.  Moreover, Patterson was given an opportunity to explain why present sanctions, including dismissal of her case with prejudice, should not be imposed.  Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1465-66 (10th Cir. 1988).  For whatever reason, Patterson chose not to respond.  She did not contact the Court asking for additional time, nor did she provide the Court with any explanation as to why sanctions, including dismissal, were inappropriate.

The Court concludes that Patterson has been warned by the Court of the potential consequences of a violation, and with the knowledge that dismissal was a possible consequence, she failed to give any explanation as to why it would be inappropriate.

Finally, the Court must consider the efficacy of lesser sanctions.  If another sanction, for example, a warning, reprimand, monetary sanction or fine would serve to compel Patterson's compliance with the Court's order, dismissal would be inappropriate.  Here, notwithstanding the Court's earlier warnings that the failure to comply with Court orders and directives could result in imposition of sanctions, including dismissal of the litigation, Patterson failed to make her mandatory disclosures, even within the extended time granted by the Court; failed to respond to written discovery; failed to appear for a deposition; failed to respond to the motion to dismiss; and failed to respond to the Court's Order to Show Cause.

Given her repeated failures and refusal to comply with the Court's directives and her obligations under the rules, the Court has no optimism that she would comply with future directives if a lesser sanction were given and if Patterson were afforded a further opportunity to litigate.

After consideration of the <u>Ehrenhaus</u> factors, the Court determines that the appropriate sanction is dismissal with prejudice. Accordingly, because Patterson's failure to respond to Wal-Mart's motion to dismiss constitutes consent to dismissal, and because the Court independently finds that dismissal with prejudice is an appropriate sanction, the Court dismisses Patterson's lawsuit with prejudice.

## **ORDER**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. 38] is granted, and, for additional reasons noted above, this case is dismissed with prejudice.

*[signature]*
Lorenzo F. Garcia
United States Magistrate Judge

PLAINTIFF:
Theresa Patterson, pro se

ATTORNEY FOR DEFENDANT:
Carlos M. Quinones, Esq.